PEREZ, Judge.
On April 29, 1977, appellant, David J. Sterling, Sr., began his “working test” period with the Westwego Police Department. By letter dated October 19, 1977, Officer *121 Sterling was notified that his position as police officer with Westwego Police Department had been terminated. The only information contained in the letter was that Officer Sterling had been terminated and notified of his right to appeal.
Thereafter, months of negotiations took place between appellant’s attorney, and the attorney for the City of Westwego Municipal Fire and Police Civil Service Board. Unable to formally effectuate the settlement, Officer Sterling’s appeal was heard on August 9, 1978.
The Civil Service Board, without written reasons, upheld the discharge of Officer Sterling.
Thereafter, the Civil Service Board’s decision was appealed to the 24th Judicial District Court where it was affirmed.
Appellant, Officer David J. Sterling, Sr., appeals from the judgment.
The issues presented to this court include whether Officer Sterling was discharged according to statutory procedure as contained in LSA R.S. 33:2531 et seq., and whether the discharge was for proper cause as enumerated in LSA R.S. 33:2555.
Regarding the procedure used by the Westwego Police Department in discharging Officer Sterling, we find it contrary to the statutory provisions contained in LSA R.S. 33:2555 which provides in part:
“The period of the working test shall commence immediately upon appointment and shall continue for a period of not less than six months nor more than one year. Any employee who has served at least three but less than six months of his working test for any given position may be removed therefrom only with the prior approval of the board, and only upon the grounds that (1) he is unable or unwilling to perform satisfactorily the duties of the position to which he has been appointed or (2) his habits and dependability do not merit his continuance therein. Any such employee may appear before the board and present his case before he is removed.
The City of Westwego contends that LSA R.S. 33:2560 applies in the instant case, and therefore, the procedure used in discharge was proper. We disagree. Section 2560 deals with the tenure of persons who have been regularly and permanently inducted into positions of classified service.
Officer Sterling clearly fell within the provisions of Section 2555 as a “working test” employee. Consequently, the City of Westwego was bound by the provisions set forth in Section 2555 regarding discharge of such an employee. The facts clearly indicate that the appellee failed to follow this procedure.
There was no board approval prior to Officer Sterling’s discharge, nor was he given the opportunity to appear before the Board prior to his termination. These requisites should have been met prior to Officer Sterling’s removal.
In Devillier v. City of Plaquemine, 341 So.2d 1153 (La.App. 1st Cir. 1976), the court considered the propriety of the discharge of a probational patrolman with between three and six months service. Relying on R.S. 33:2555, the court held:
“It is clear from the above that Mr. Dev-illier could be dismissed only with prior approval of the board, and after a hearing if the employee desires one. The board could have and should have refused to approve the dismissal on that ground alone 341 So.2d at 1155.”
Further, the court in Devillier held that under the provisions set forth in R.S. 33:2531 et seq., employees fall within three different classifications: Temporary or provisional; probational; and regular or permanent, 341 So.2d at 1154.
Therefore, as a probational policeman with between three to six months service, Officer Sterling could only be removed under the provisions of R.S. 33:2555, and not R.S. 33:2560 as argued by the City of West-wego.
Accordingly, the judgment of the district court dismissing plaintiff’s appeal is reversed. There is judgment in favor of appellant, David J. Sterling, and against the *122 City of Westwego Municipal Fire and Police Civil Service Board setting aside appellant’s termination as a police officer and awarding appellant back pay from October 19, 1977, all costs are assessed against the Civil Service Board.
REVERSED.
In its application for rehearing ap-pellee correctly points out that we failed to incorporate in our original opinion and decree the limitation on back pay to appellant required by R.S. 49:113. Accordingly, against the award of back pay to appellant shall be credited and set-off all wages and salaries earned by appellant in private employment in the period of separation.
In all other respects the application for rehearing is denied.
ORIGINAL DECREE AMENDED.
REHEARING DENIED.